## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 05-103-HRW**

**CATHY S. SMITH,**                                                                 **PLAINTIFF,**

**v.**                              **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                      **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current applications for a disability insurance benefits and supplemental security income benefits on January 6, 2003 and January 17, 2003 respectively, alleging disability beginning on September 12, 2001, due to

1

degenerative disc disease, bulging disc, arthritis, fibromyalgia and depression / anxiety (Tr. 52-55, 386-389). These applications were denied initially and on reconsideration (Tr.400-429).

On August 19, 2004, an administrative hearing was conducted by Administrative Law Judge James D. Kemper (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 403-425). At the hearing, Donald Joe Woolwine, a vocational expert (hereinafter "VE"), also testified (Tr. 426-428).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

2

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 25, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-21). Plaintiff was 41 years old at the time of the hearing decision (Tr. 12-21, 52). She has a high school education and her past relevant work experience consists of work as a secretary and receptionist (Tr. 403, 63 and 78).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 20). The ALJ then determined, at Step 2, that Plaintiff suffered from chronic pain syndrome secondary to fibromyalgia, low back pain, neck pain and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 20). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20). The ALJ then found that Plaintiff could return to her past relevant work (Tr. 20), thereby finding Plaintiff not disabled at Step 4 of the sequential evaluation process. In addition, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light level work. Specifically, she can lift and/or carry 20 pounds occasionally and 10 pounds

3

frequently and may only occasionally climb and stoop (Tr. 20). Based upon this RFC, the ALJ, relying upon testimony of the VE, the ALJ finally concluded that jobs which could be performed by Plaintiff within her RFC exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 as well.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 19, 2005 (Tr.4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

4

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to accurately evaluate Plaintiff's subjective complaints of pain and (2) the ALJ failed to consider Plaintiff's mental and physical impairments in combination and the effect of the same on Plaintiff's ability to work.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that  the ALJ failed to accurately evaluate Plaintiff's subjective complaints of pain.

Upon review of an ALJ's decision, this Court is to accord the ALJ's

determinations of credibility great weight and deference as the ALJ has the

opportunity of observing a witness' demeanor while testifying. *Walters v.*

*Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this

Court's evaluation is limited to assessing whether the ALJ's conclusions are

supported by substantial evidence on the whole record.

In this case, the ALJ found the claimant's credibility to be "only fair" and

her allegations of disabling musculoskeletal impairments, chronic pain, obesity

and depression to be "excessive" (Tr. 17). Subjective claims of disabling pain

must be supported by objective medical evidence. *Duncan v. Secretary of Health*

*and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the

record, Plaintiff's subjective complaints do not pass *Duncan* muster. The ALJ

discussed, at length, the objective findings appurtenant to Plaintiff's low back and

neck pain but found little credible medical data to support the extent of

impairment alleged by Plaintiff (Tr. 15). The ALJ specifically noted the absence

of neurological deficit in this regard. The ALJ also noted that although Dr.

Melanie Ledford's November 17, 2003 residual functional capacity assessment

indicates that Plaintiff is restricted to less than sedentary level exertion, her own

treatment notes do not support such extreme limitation (Tr. 331-332, 333-340).

The record also shows that although her treating physician, Dr. Lori Cabreros

diagnosed Plaintiff with fibromyalgia, chronic pain and depression, she placed no limitations on Plaintiff's ability to work (Tr. 203). The ALJ further noted that based upon the record as well as Plaintiff's own testimony, she gets relief from her pain and other symptoms from her medications. Given the lack of supporting evidence, the Court finds the ALJ's assessment of Plaintiff's subjective complaints of pain to be appropriate.

Plaintiff maintains that the ALJ failed to properly consider her depression and anxiety in evaluating her subjective complaints of pain. The Court finds this argument to be without merit. First, the ALJ properly concluded, based upon substantial evidence, that these conditions were not severe (Tr. 13). Further, there is no evidence in the record which would support any work-related restriction stemming from these conditions. The ALJ specifically considered Plaintiff's daily activities, social functioning and ability to concentrate, as well as the existence of decompensation and found only mild limitation (Tr. 14). Finally, the record shows that these conditions are controlled by medication (Tr. 201). In sum, as the Defendant contends, there is no evidence which demonstrates that Plaintiff has psychological impairments which would restrict her from work activity.

Plaintiff's second claim of error is that the ALJ failed to consider her mental and physical impairments in combination and the effect of the same on her ability

7

to work.  The Court disagrees.  A review of the ALJ's decision shows that he did, in fact, consider Plaintiff's impairments, both individually and in combination, including the effects of Plaintiff's mental impairments, which he deemed non-severe.  Notably, despite Plaintiff's urging of "error," she presents no evidence that ALJ did not properly consider the combination of her impairments or how it affected his formulation of the RFC.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.  Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  17  day of April, 2006.


_____
Henry R. Wilhoit, Jr., Senior Judge